**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                                    :
ABEL J.,                                            :
                                                    :
                                    Plaintiff,      :        22-CV-6311 (OTW)
                                                    :
                    -against-                       :        **OPINION & ORDER**
                                                    :
COMMISSIONER OF SOCIAL SECURITY,                    :
                                                    :
                                    Defendant.      :
                                                    :
----------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

In December of 2014, Plaintiff Abel J.[1] applied for a Period of Disability and Disability

Insurance benefits under the Social Security Act. (ECF 13-1 at 14). The Commissioner denied the

applications again, after remand from this Court. Plaintiff filed the instant case in July 2022,

seeking judicial review of the Commissioner's 2020 denial of benefits under 42 U.S.C. § 405(g).

The parties have consented to magistrate judge jurisdiction. (ECF 12).

The parties submitted a joint stipulation (ECF 18) in lieu of motions for judgment on the

pleadings. For the following reasons, Plaintiff's motion is **GRANTED** and Defendant's motion is

**DENIED**.

---

[1] Plaintiff's name has been partially redacted in compliance with Fed. R. Civ. P. 5.2(c)(2)(B) and the
recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of
the United States.

I.     BACKGROUND

  A.  <u>Administrative Proceedings</u>

Plaintiff filed his first application in 2014, and his claims were denied in 2017 after a hearing before the Administrative Law Judge Deanna L. Sokolski ("ALJ") (ECF 18 at 2). The Appeals Council denied review in 2019, Plaintiff filed his appeal in the Southern District of New York, after which U.S. District Court Judge Lorna G. Schofield issued a Stipulation and Order remanding the case for further proceedings. *Id.* On May 1, 2020, ALJ Sokolski conducted a hearing at which a medical expert and vocational expert testified. *Id.* The ALJ again found that Plaintiff was not disabled, and the Appeals Council again denied his request for appeal. (ECF 13-10 at 676–700). Plaintiff filed the instant complaint on July 25, 2022, pursuant to 42 USC § 405(g), challenging the Commissioner's denial of benefits. (ECF 18 at 2).

For the reasons set for below, Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**, the Commissioner's Cross-Motion for Judgment on the Pleadings is **DENIED**, and the case is remanded for further proceedings consistent with this opinion.

  B.  <u>The ALJ's Decision</u>

The ALJ found that Plaintiff had not engaged in substantial gainful activity from his alleged onset date of April 30, 2014, through his date last insured of March 31, 2019. (ECF 13-10 at 690). The ALJ further found that Plaintiff had the severe impairments of seizure disorder, bipolar disorder, and history of opioid dependence. The ALJ concluded that Plaintiff was not disabled, however, by applying the doctrine of noncompliance (and the opinion of a medical expert who concluded that Plaintiff was not compliant with his antiseizure medication) to find that Plaintiff did not meet or equal Listing 11.02 (Seizure Disorder). The ALJ then determined

that Plaintiff had the residual functional capacity ("RFC") to perform medium work, with certain limitations, and thus there were jobs in the national economy that Plaintiff could perform.

### C. Procedural History

Plaintiff commenced this action by filing a complaint on July 25, 2022. (ECF 1). The parties consented to magistrate judge jurisdiction on September 9, 2022. (ECF 12). On November 7, 2022, the administrative record was filed, and the parties filed the joint stipulation in lieu of motions for judgment on the pleadings on May 8, 2023. (ECF 18).

## II.    APPLICABLE LAW

### A. Standard of Review

A motion for judgment on the pleadings should be granted if the pleadings make clear that the moving party is entitled to judgment as a matter of law. Additionally, the Court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the Commissioner's findings and whether the correct legal standards were applied. Substantial evidence is more than a mere scintilla. It only requires the existence of "relevant evidence as a reasonable mind might accept as adequate to support a conclusion," even if there exists contrary evidence. *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (same). This is a "very deferential standard of review." *Brault v. Comm'r of Soc. Sec.*, 683 F.3d 443, 448 (2d Cir. 2012). The Court may not determine *de novo* whether Plaintiff is disabled but must rely on the underlying record.

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the

evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

**B.   Treating Physician Rule**

For claims filed before March 27, 2017, the ALJ must analyze medical opinions according to the treating physician rule, which details how to accord weight to the opinions of different physicians. 20 C.F.R. § 505.1527. According to the rule, a treating physician's opinion will be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in . . . [the] record." 20 C.F.R. § 404.1527(c)(2); *see also Shaw v. Charter*, 221 F.3d 126, 134 (2d Cir. 2000); *Diaz v. Shalala*, 59 F.3d 307, 313 (2d Cir. 1995); *Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir. 1993).

"[G]ood reasons" must be given for declining to afford a treating physician's opinion controlling weight. 20 C.F.R. § 404.1527(c)(2); *Schisler*, 3 F.3d at 568; *Burris v. Charter*, 94-CV-8049 (SHS), 1996 WL 148345, at *4 (S.D.N.Y. Apr. 2, 1996). The Second Circuit has noted that the Court "do[es] not hesitate to remand when the Commissioner has not provided "good reasons" for the weight given to a treating physician's opinion." *Morgan v. Colvin*, 592 F. App'x 49, 50 (2d Cir. 2015) (summary order) (quoting *Holloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004)); *accord Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015). If an ALJ does not give the opinion of a treating physician controlling weight, they must then consider various factors when determining how much weight it should be afforded, including the length of the relationship and the physician's specialization in the area, in determining how much weight it should be afforded. 20 C.F.R. § 404.1527(c)(2)–(6).

C. **Five-Step Evaluation Process**

To be awarded disability benefits, the SSA requires that one have the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ makes this determination through a five-step evaluation process, for which the burden rests on the Plaintiff for the first four steps. Only after all four steps are satisfied does the burden then shift to the Commissioner for the final step: First, the ALJ must determine that Plaintiff is not currently engaged in substantial gainful activity. Second, the ALJ must find that Plaintiff's impairment is so severe that it limits their ability to perform basic work activities. Third, the ALJ must evaluate whether Plaintiff's impairment falls under one of the impairment listings in 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, such that they may be presumed to be disabled. Absent that, the ALJ must then determine the Plaintiff's RFC, or their ability to perform physical and mental work activities on a sustained basis. Fourth, the ALJ then evaluates if Plaintiff's RFC allows him to meet the physical and mental demands of his prior employment. If Plaintiff has satisfied all four of these steps, the burden then shifts to the Commissioner to prove that based on Plaintiff's RFC, age, education, and past work experience, that Plaintiff is capable of performing some other work that exists in the national economy. 20 C.F.R § 416.920(a)(4)(i)–(v).

III.    **ANALYSIS OF THE ALJ'S DECISION**

Plaintiff raises two main arguments in support of their request for reversal of the ALJ's decision. First, at step 3, the ALJ erred in finding that Plaintiff's seizure disorder did not meet

the requirements of Listing 11.02, and the ALJ failed to properly evaluate the medical and

opinion evidence in assessing Plaintiff's RFC.

**A. <u>The ALJ Failed to Properly Evaluate the Evidence at Step 3</u>**

To comply with the treating physician rule, an ALJ must give the opinion of Plaintiff's

treating physician controlling weight if it is "well-supported by medically acceptable clinical and

laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in

. . . [the] record." 20 C.F.R. § 404.1527(c)(2). In order to rely solely on a consultative opinion,

the ALJ must first show that the treating physicians' opinions are "contradicted by substantial

evidence, be that conflicting medical evidence or other evidence in the record." *Krull v. Colvin*,

669 F. App'x 31, 32 (2d Cir. 2016) (summary order) (citation omitted); *see also Monroe v.*

*Comm'r of Soc. Sec.*, 676 F. App'x 5, 7 (2d Cir. 2017) (summary order).

Where an ALJ finds that no opinions in the record are supported or should be given

substantial weight, they have a duty to seek clarifying information from the medical sources

and further develop the record. *Peterson v. Kijakazi*, 22-CV-00026 (VLB), 2023 WL 334379, at

*26 (D. Conn. Jan. 20, 2023). They are not allowed to instead rely on "raw data" and come to

their own conclusions. *Kit v. Comm'r of Soc. Sec.*, 21-CV-00546 (FB), 2023 WL 1475239, at *3

(E.D.N.Y. Feb. 2, 2023) (finding that an ALJ who discredited the opinions of the majority of

medical experts who found that claimant was disabled and proceeded to conclude that

claimant was not disabled, improperly substituted his own opinion for that of the physicians).

Where an ALJ discounts "every medical opinion available," yet comes to a conclusion of their

own, that disability determination cannot be said to be supported by substantial evidence.

*Peterson*, at *18.

Here, the ALJ did not follow the treating physician rule when finding that Plaintiff's seizure disorder did not meet Listing 11.02, rejecting, at least in part, all relevant medical evidence, and substituting their own judgment. The ALJ rejected the medical opinion of Plaintiff's treating physicians, which all diagnosed Plaintiff with epilepsy and noted the frequency and severity of seizures, but failed to provide a "good reason" for doing so. (ECF 13-10 at 697). Instead of noting how their opinions were "contradicted by substantial evidence," the ALJ's only proffered reason for rejecting the treating physician's opinion was because the "determination [of disability is] reserved to the Commissioner." *Id*.

While it is true that the final decision of disability is left to the Commissioner, the ALJ must evaluate all of the evidence in the record and may never ignore the entire opinion of the treating source simply because one part of it offers a final determination. *Gable v. Colvin*, 15-CV-6302 (CJS), 2016 WL 3179901, at *5 (W.D.N.Y. June 8, 2016). When rejecting the opinion of a treating physician on an issue reserved to the Commissioner, the ALJ must determine the extent to which it is supported by the evidence. *See id*.

Here, the ALJ misapplied the doctrine of noncompliance, both procedurally and substantively, in ways that turned the treating physician rule on its head. An ALJ may deny a plaintiff's claim for disability insurance benefits because the plaintiff is noncompliant with their treatment plan *if* the failure is "not justified" and "there are no good reasons for this failure." SSR 82-59 (C.E 1982); *see also White v. Berryhill*, 17-CV-01310 (JCH), 2018 WL 2926284, at *18 (D. Conn. June 11, 2018). The Social Security regulations set out detailed requirements for the procedure that must be followed prior to an ALJ's denial on noncompliance grounds. Importantly, the plaintiff must be made aware that their failure to follow prescribed treatment

without good reason can result in denial and must be provided the opportunity to identify,

clarify, and challenge the essential factors of refusal. SSR 82-59 (C.E 1982). This necessarily

entails development of the record and may include detailed questioning. *Id*.

Additionally, before the determination is made, the individual will be informed of the

effect of noncompliance on eligibility and will be afforded an opportunity to undergo the

prescribed treatment or to show justifiable cause. *Id*. Similarly, while an individual's failure to

follow the prescribed treatment may be used to demonstrate that their alleged intensity and

persistence of symptoms is inconsistent with the record, the alternative is also true. Attempts

to seek treatment, including "persistent attempts to obtain relief of symptoms, such as

increasing dosages and changing medications, trying a variety of treatment, referrals to

specialists, or changing treatment sources" can be used to demonstrate distress and to support

the plaintiff's testimony as to intensity and persistence of symptoms. SSR 16-3p (C.E 2016).

Here, the ALJ did no further development of the record regarding Plaintiff's alleged

noncompliance with medication/treatment before relying solely on an expert opinion of a

medical expert, Dr. Pollack, to conclude that Plaintiff was noncompliant and thus did not satisfy

Listing 11.02. This is not sufficient for a finding of noncompliance that, in turn, led the ALJ to

disregard the treating physician records that documented significant evidence of the severity,

frequency and duration of Plaintiff's seizures. *Avila v. Comissioner*, 20-CV-1360 (ER)(DF), 2021

WL 3774317, at *60 (S.D.N.Y. Aug. 9, 2021) ("[E]ven where a non-examining opinion is properly

afforded some weight, it, alone, cannot be considered substantial evidence."); *see also Roman*

*v. Astrue*, 10-CV-3085 (SLT), 2012 WL 4522128, at *16 (E.D.N.Y. Spt. 28, 2012) (finding error

where the ALJ assigned significant weight to the medical opinion of a non-examining medical expert).

The ALJ did not consider significant amounts of evidence in the record to contradict this opinion, including the opinions of Plaintiff's treating physicians and the testimony of Plaintiff himself: Plaintiff's treating physicians described his seizures as "intractable on Dilantin," and tried many different types of medication in an attempt to get the seizures under control. (ECF 13-10 at 752–54). Instead, the ALJ considered Dr. Pollack's opinion about the treating physician records to overcome the treating physicians' records and opinions themselves.

Finally, the ALJ had a duty to develop the record and inform Plaintiff and Plaintiff's physicians about the possibility of a denial of benefits for noncompliance before using it to find that Plaintiff did not meet Listing 11.02. This also was not done.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**, and the Commissioner's Motion for Judgment on the Pleadings is **DENIED**. This case is **REMANDED** for further proceedings consistent with this Opinion and Order. The Clerk is respectfully directed to enter final judgment consistent with this decision and close the file.

**SO ORDERED.**

Dated: March 22, 2024
        New York, New York

_/s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge